Clark R. Hensley
CORETTE BLACK CARLSON & MICKELSON
129 West Park Street
P.O. Box 509
Butte, MT 59703
PH : 406-782-5800
FAX : 406-723-8919
chensley@cpklawmt.com

Attorneys for Plaintiff

FILED
FEB 0 4 2019
ANGIE SPARKS, Clerk of District Court
By _____ Deputy Clerk

FILED
MAR 26 2019
Clerk, U.S. District Court
District Of Montana
Helena

## MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS & CLARK COUNTY

| | |
|---|---|
| PRODUCE SUPPLY EXPRESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NRC ENVIRONMENTAL SERVICES INC. and KENNETH CLARK, <br><br> Defendants. | Cause No. BDV 2019-128 <br><br> CV-19-21-H-SEH <br><br> **COMPLAINT AND JURY DEMAND** <br><br> MICHAEL F MCMAHON <br> PRESIDING JUDGE |

Plaintiff Produce Supply Express, Inc. (Produce Supply), by and through its counsel of record, Corette Black Carlson & Mickelson, and for its Complaint against defendants NRC Environmental Services Inc. (NRC) and Kenneth Clark (Clark) states and alleges as follows:

### JURISDICTION AND VENUE

1.  Produce Supply is a transportation and warehousing company incorporated in Washington with its principal place of business in Spokane, Washington.

2.  Defendant NRC is an environmental remediation company incorporated in Washington with its principal place of business in Great River, New York.

3.  Defendant NRC's registered agent is Cogency Global Inc. which is located in Lewis & Clark County, Montana.

4. Upon information and belief, defendant Clark is a resident of Washington and, at all times relevant to this Complaint, was an employee of defendant NRC assigned to drive its dump truck and pull its dump trailer.

5. Jurisdiction is proper in district court pursuant to Mont. Code Ann. § 3-5-302 as this case is a civil proceeding arising from a traffic accident that occurred in Mineral County, Montana.

6. Venue is proper in Lewis & Clark County pursuant to Mont. Code Ann. § 25-2-122(2)(c).

## FACTS

7. Produce Supply re-alleges paragraphs 1-6 as set forth above.

8. On February 3, 2017, defendant Clark was driving a 1996 Peterbilt dump truck pulling a fully loaded dump trailer as defendant NRC's employee.

9. Defendant Clark was travelling westbound on Interstate 90 (I-90) and while attempting to negotiate a right-hand curve, he applied his brakes on the icy roadway and lost control of defendant NRC's dump truck and trailer.

10. As a result of defendant Clark's driving, defendant NRC's dump truck became lodged in a snow bank and its dump trailer jackknifed and both came to rest blocking all the westbound lanes of I-90.

11. At the same time, William Saint was travelling behind defendant Clark in Produce Supply's 2016 Freightliner Cascadia conventional tractor pulling a reefer trailer filled with produce.

12. When defendant Clark lost control of defendant NRC's dump truck and trailer, William Saint immediately applied his brakes but could not stop in time to avoid a collision. He

also could not negotiate around defendant NRC's dump truck and trailer because they blocked both westbound lanes.

13. Following the collision, defendant Clark admitted responsibility for the accident.

14. The collision resulted in significant damage to defendant Produce Supply's 2016 Freightliner Cascadia conventional tractor, its reefer trailer, and its produce inside the reefer trailer.

15. Due to the collision, oil leaked from defendant Produce Supply's tractor which required extensive remediation costs.

16. As a result of the collision, Produce Supply's tractor was totaled and it incurred expenses in towing it, as well as supplying an emergency tractor to recover the reefer trailer to complete the delivery of the damaged produce.

17. After investigating the collision, a Montana highway patrol officer cited defendant Clark for traveling too fast for conditions.

18. On October 10, 2018, Produce Supply sent defendants' agent a written final demand solely for the recovery of property damages arising from defendant NRC's ownership and defendant Clark's use of a motor vehicle.

19. Neither defendants nor their agent made any offers or even responded within fifteen days from the date they were requested to do so.

## COUNT ONE – NEGLIGENCE

20. Produce Supply re-alleges paragraphs 1-19 as set forth above.

21. Within the course and scope of his employment, defendant Clark was negligent and careless while operating defendant NRC's dump truck and trailer.

22. Defendant Clark had a legal duty to operate defendant NRC's dump truck and trailer in a reasonable and prudent manner and to obey traffic laws and regulations.

23. Defendant Clark breached that duty by traveling too fast for conditions, failing to drive in a safe and prudent manner, unnecessarily braking on icy roadways, losing control of defendant NRC's dump truck and trailer, and causing both westbound lanes of traffic on I-90 to be blocked.

24. As defendant Clark's employer, defendant NRC is vicariously liable for defendant Clark's negligence.

25. Defendant Clark's negligence directly and proximately caused damage to Produce Supply in an amount to be proven at trial.

## COUNT TWO – NEGLIGENCE PER SE

26. Produce Supply re-alleges paragraphs 1-25 as set forth above.

27. Within the course and scope of his employment, defendant Clark negligently and carelessly operated defendant NRC's dump truck and trailer in a manner that unduly and unreasonably endangered Produce Supply's property in violation of Montana Code Annotated §§ 61-8-302, -303(3).

28. Within the course and scope of his employment, defendant Clark negligently and carelessly travelled too fast for conditions while operating defendant NRC's dump truck and trailer in violation of Montana Code Annotated § 61-8-303(3).

29. Within the course and scope of his employment, defendant Clark negligently and carelessly failed to operate defendant NRC's dump truck and trailer within a single lane of traffic and moved into the other lane of traffic when it was not safe for other traffic in violation of Montana Code Annotated §§ 61-8-328(1), -321.

30. Within the course and scope of his employment, defendant Clark negligently and carelessly stopped defendant NRC's dump truck and trailer within both lanes of westbound traffic on I-90 in violation of Montana Code Annotated §§ 61-8-355, -353.

31. Defendant Clark's violations of the Montana statutes referred to above make him negligent as a matter of law. His actions therefore constitute negligence per se.

32. Defendant Clark's per se negligence is the direct and proximate cause of Produce Supply's damages.

33. As defendant Clark's employer, defendant NRC is vicariously liable for his negligence per se.

## COUNT THREE – ATTORNEY FEES AND COSTS

34. Produce Supply re-alleges paragraphs 1-33 as set forth above.

35. Montana Code Annotated §§ 25-10-303, -101(9) requires attorney fees and costs to be awarded to plaintiffs in motor vehicle claims involving the recovery of property damage where the defendant or its agent fails to make an offer within fifteen days of the date requested to do so.

36. Defendants and their agent failed to make any offer or even respond to Produce Supply's last written demand.

37. In the event Produce Supply secures a judgment equal to or greater than that claimed in its last written demand, the court must grant Produce Supply its attorney fees and costs in prosecuting this matter.

## RELIEF SOUGHT

Produce Supply prays for judgment as follows:

1. For judgment against defendants in an amount to be proven at trial;

2. For costs of suit generally and under Montana Code Annotated § 25-10-101(9);

3. For attorney fees under Montana Code Annotated § 25-10-303; and,

4. For such other relief which the court deems just and proper under the circumstances.

## JURY DEMAND

Produce Supply demands a trial by jury on all issues.

DATED this 29th day of January, 2019.

CORETTE BLACK CARLSON & MICKELSON

By /s/
P.O. Box 509
Butte, MT 59703

Attorneys for Plaintiff